### UNITED STATES OF AMERICA
### MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY O. CALHOUN, JR.,<br>Appellant, | DOCKET NUMBER<br>NY-844E-21-0145-X-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: May 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey O. Calhoun, Jr., Rochester, New York, pro se.

Sherri A. McCall, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1    On July 29, 2022, the administrative judge issued a compliance initial decision finding the Office of Personnel Management in noncompliance with a November 2, 2021 initial decision that directed the agency "to award and process the appellant's disability retirement benefits within 60 days of this order" and "to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

inform the appellant of any additional information or action required of him to effect the processing, and to inform him of steps it takes to comply with this order." *Calhoun v. Office of Personnel Management*, MSPB Docket No. NY-844E-21-0145-C-1, Compliance File, Tab 4, Compliance Initial Decision (CID) at 1–2; *Calhoun v. Office of Personnel Management*, MSPB Docket No. NY-844E-21-0145-I-1, Initial Appeal File, Tab 9, Initial Decision at 6.[2] Neither party petitioned for review of the compliance initial decision. *See Calhoun v. Office of Personnel Management*, MSPB Docket No. NY-844E-21-0145-X-1, Compliance Referral File (CRF), Tab 1 at 2. Accordingly, the appellant's petition for enforcement has now been referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c)(1).

¶2    On September 8, 2022, the Office of the Clerk of the Board issued an acknowledgement order in the instant proceeding advising the parties that the petition for enforcement had been referred to the Board for a final decision and ordering the agency to submit evidence of compliance within 15 calendar days. CRF, Tab 1 at 3. The agency did not respond. Consequently, on January 26, 2023, the Clerk's Office issued an order directing the agency to "file evidence of compliance with the Board's order directing it to award and process the appellant's disability retirement benefits" within 21 calendar days. CRF, Tab 2 at 2. The January 26, 2023 order advised the appellant that he could file a response within 21 days of the date of the agency's compliance submission and that the appellant's failure to respond could result in the Board assuming that the appellant is satisfied and dismissing the petition for enforcement. CRF, Tab 2 at 3.

---

[2] The compliance initial decision did not include specific language directing the agency to comply with the November 2, 2021 initial decision. CID at 2–3. However, given that the appellant averred under penalty of perjury that the agency had not complied with either provision of the initial decision and that the administrative judge found that the agency had filed no evidence of compliance with the Board's order for relief and granted the petition for enforcement on that basis, it is apparent that the administrative judge intended to order the agency to comply with the underlying initial decision. CID at 1–2.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶3 On January 30, 2023, the agency filed a response to the January 26, 2023 order, in which it represented that Mr. Calhoun had received a net retroactive payment of $49,100.48, for the period of November 11, 2019, through May 30, 2022. It further represented that it has paid Mr. Calhoun his Federal Employees Retirement System (FERS) annuity monthly since June 1, 2022, to date. CRF, Tab 3 at 4. The agency attached a printout to its compliance submission from its computer system with numbers that correspond to the dollar amounts in its response. CRF, Tab 3 at 6–7. The agency requests that the petition for enforcement be dismissed as moot because it is in compliance. CRF, Tab 3 at 4. The appellant has not filed a response to the agency's submission, although the Board informed him that failure to do so might result in dismissal of his petition for enforcement. CRF, Tab 2 at 3.

¶4 When an appellant files a petition for enforcement seeking compliance with a Board order, the agency has the burden to prove its compliance with the Board order by preponderant evidence. 5 C.F.R. § 1201.183(d). "Preponderant evidence" is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q). The Board determines that the agency's compliance submission meets this burden. Further, since the appellant has not responded to the agency's assertions and evidence of compliance, the Board assumes he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶5 Based upon the foregoing, the Board finds the agency in compliance and DISMISSES the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.